```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

United States of America

    v.                                     Case No. 2:04-cr-134-1

Roger D. Blackwell

<u>OPINION AND ORDER</u>

This matter is before the court on the defendant's motion pursuant to Fed.R.Crim.P. 35(a) to correct his sentence. On December 15, 2005, this court imposed a sentence which included a term of supervised release of three years. One of the conditions of defendant's supervised release imposed at that time was that the defendant not "profit in any way from the production of books, movies, or any other media products that may occur as a result of his involvement in the instant offense." Defendant now argues that this condition is not contained in the standard conditions authorized by the United States Sentencing Commission Guidelines, and that it is unreasonable because it will unnecessarily restrict his career as an author and compromise his First Amendment right to freedom of expression.

Fed.R.Crim.P. 35 (a) (formerly contained in Fed.R.Crim.P. 35(c)) provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This rule is limited in its application "to acknowledged and obvious errors in sentencing." Advisory Committee Notes on Former Rule 35(c), 1991 Amendments. The Advisory Committee Notes go on to state:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake

has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under [former] Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.  Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.  See e.g., United States v. Jones, 899 F.2d 1097 (11th Cir. 1990).

The defendant raised no objection to the special condition at the time of sentencing.  The condition was included in the sentencing recommendations made by the probation officer, and defense counsel do not deny that they were made aware of the probation officer's sentencing recommendations during the objection phase of the preparation of the presentence investigation report. The fact that counsel were aware of the probation officer's recommendations is demonstrated by counsel's objection to the probation officer's recommendation for an upward departure from the fine guidelines, which is documented in the presentence report. Counsel could just as easily have objected at that time to the recommendation for the special condition, but they did not do so.

Defendant first objected to the special condition in the instant Rule 35(a) motion filed a week after the sentencing hearing.  Counsel argue that their failure to object to the special condition at the sentencing hearing should be excused because the probation officer did not include a copy of the recommendation in a revised copy of the final presentence investigation report which was faxed to counsel.  However, this does not constitute sufficient

2

reason for counsel to conclude that the probation officer had withdrawn all of her sentencing recommendations. In fact, counsel acknowledge that they received a hard copy of the final report in the mail approximately one week after receiving the faxed copy, and that this hard copy contained the sentencing recommendations, but that no one reviewed the hard copy to determine if it contained the same material as the faxed copy. Counsel's failure to examine the hard copy and to review it with the defendant does not excuse their later failure to object to the special condition during the sentencing hearing.

The record also fails to disclose why counsel would have any reason to believe, based upon the failure to include the recommendation section in the faxed copy, that the probation officer was withdrawing her previously revealed recommendations. Defense counsel obviously felt that the fine recommendation still stood, because the objection to that recommendation was never withdrawn. This court's notification to counsel prior to the sentencing hearing that the court was considering the probation officer's recommendation for an upward departure from the fine range should also have alerted counsel that the probation officer's recommendations had been forwarded to the court. If counsel were in doubt as to the precise nature or extent of the recommendations at that point in the process, they should have made inquiries to the probation officer. In any event, counsel were made aware of the special condition when this court imposed the special condition in open court at the time of sentencing, yet counsel raised no objection to the condition at the sentencing hearing. Any objections which were not raised at the sentencing hearing were

3

waived.

Even assuming that defendant has not waived his objection, the court concludes that the special condition is appropriate. Defendant stands convicted of conspiracy to engage in insider trading and thirteen substantive counts of insider trading, all of which involve breaches of his fiduciary duty and betrayal of the trust and confidence reposed in him as a member of the Board of Directors of Worthington Foods, Inc., a public corporation. Actions of this kind are punished by the criminal law because they undermine the integrity of the national markets for the purchase and sale of the stock of public corporations and the public's confidence in the fairness of such markets which are an important institution in the nation's economy.  Defendant also stands convicted of conspiracy to obstruct justice, two counts of making false statements to the Securities and Exchange Commission ("SEC"), an agency of the United States government, and one count of obstructing a proceeding of the SEC by destroying evidence relating to a proceeding pending before it.

The jury found the defendant guilty of lying in his testimony before the SEC and making a false written statement to the SEC. The jury also found defendant guilty of deleting the names of three of his co-conspirators from the computerized business records of Roger D. Blackwell & Associates, when the records of that business were under subpoena by the SEC.  Giving false testimony under oath and destroying evidence relating to an ongoing investigation by a governmental agency undermine public confidence in the administration of justice.

Defendant Blackwell is a noted author and speaker.  He has

4

made various public statements portraying himself as the victim of an unfair and unwarranted investigation and prosecution by the government.  However, the jury found that it was Defendant Blackwell, not the government, who resorted to lies and destruction of evidence in the course of the investigation of Blackwell's insider trading.  The court has determined that the jury's findings were supported by the evidence.

The court's sentence in this case included a three-year term of supervised release.  Supervised release is an integral part of the federal sentencing regime.  The goals and objectives of supervised release include adequate punishment for the offense, deterrence, rehabilitation and promoting respect for the law.  The court included as one of the conditions of supervised release that the defendant not profit in any way from the production of books, movies or any other media products that may occur as a result of his involvement in the instant offense.  The court believes that it would not be conducive to rehabilitation to permit the defendant to profit as a result of his involvement in the instant offense during the term of supervised release, nor would it promote respect for the law to permit him to do so while on supervised release. Furthermore, preventing him from reaping any such profits during the period of supervised release serves the purpose of just punishment for the offense conduct, and of deterring him from engaging in the same type of obstructive conduct which resulted in his conviction.  Defendant, of course, is free to continue to proclaim his innocence to whomever will listen, but it would not be consistent with the goals of sentencing or rehabilitation to permit him to reap any financial rewards from his offenses during the term

of supervised release.

Defendant summarily argues that the special condition infringes upon his First Amendment rights. As a general matter, the Supreme Court has held that in order to justify a law which establishes a financial disincentive to create or publish works with a particular content, government must show that its regulation is necessary to serve a compelling governmental interest and is narrowly drawn to achieve that end. Simon & Schuster, Inc. v. Members of the New York State Crime Victims Board, 502 U.S. 105, 118 (1991). Government "has an undisputed compelling interest in ensuring that criminals do not profit from their crimes." Id. at 119. Further, the special condition in this case is narrowly tailored to achieve the goals of rehabilitation and deterrence.[1] The condition does not interfere with defendant's career as an author of business textbooks and publications on marketing techniques. It only prohibits him from profiting from the production of books, movies, or any other media products that may occur as a result of his involvement in the offenses for which he was convicted in this case, and that prohibition is only in effect during the three-year period of supervised release. The special condition does not place an overly broad or improper restriction on

---

[1]The Court in Simon & Schuster struck down a New York law which required any entity contracting with any person accused or convicted of a crime for the production of a book or other work describing the crime to pay any funds due into an escrow account for the payment of judgments obtained by the accused's victims on the ground that the statute was not narrowly tailored to achieve the state's objective of compensating victims. In United States v. Seale, 20 F.3d 1279, 1285 n. 7 (3d Cir. 1994), one judge on the panel distinguished Simon & Schuster on the basis that it involved a statutory scheme outside the framework established for criminal sanctions. The court in Seale concluded that the district court, in imposing a fine, could properly consider the possibility that the defendants might receive future income from selling their story without placing an impermissible burden on the defendants' First Amendment rights.

defendant's First Amendment rights.

The special condition prohibiting defendant from profiting from publications resulting from his involvement in the offenses of conviction during the period of supervision is not clearly erroneous, and defendant's motion to correct the sentence is denied.

Date: December 27, 2005           s\James L. Graham
                                  James L. Graham
                                  United States District Judge